D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDUL SHARIFF, individually and on
behalf of others similarly situated,

                    Plaintiff,

-against-

RADAMAR MEAT CORP.,

                    Defendant.
------------------------------------------------------------X

**ORDER**

**11-CV-6369 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is an unopposed Report and Recommendation ("R&R") from Magistrate Judge Robert M. Levy recommending that this court grant Plaintiff's motion for default judgment and grant monetary and injunctive relief. For the reasons explained below, Judge Levy's R&R is ADOPTED IN PART and MODIFIED IN PART.

I.    **BACKGROUND**

Plaintiff Abdul Shariff brought this action against Defendant on December 29, 2011, seeking damages, declaratory and injunctive relief, and attorney's fees and costs pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 (2006); the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights Law §§ 40-c, 40-d (McKinney 2003); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2) (McKinney 2010); and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-107.4, 8-107.15 (2010). Pretrial matters proceeded before Judge Levy.

On March 4, 2013, Plaintiff moved for default judgment. (Pl. Mot. for Default J. (Dkt. 12).) The court initially referred Plaintiff's Motion for a Default Judgment to Judge Levy on February 27, 2013. (Order (Dkt. 11).) By Report and Recommendation dated July 22, 2013

1

("First R&R"), Judge Levy recommended that Plaintiff's motion be denied unless he filed sufficient supplemental information to establish his standing to sue. (First R&R (Dkt. 15).) On August 12, 2013, Plaintiff filed a supplemental declaration in response to the First R&R. (Pl. Decl. (Dkt. 16).) By Order dated October 11, 2013, the court again referred Plaintiff's motion to Judge Levy as to the issues of standing, liability, and damages. (Order (Dkt. 17).)

On February 14, 2014, Judge Levy issued a second R&R ("Second R&R"), recommending that Plaintiff's Motion for Default Judgment be granted, and that the court issue an injunction ordering Defendant to provide accessible parking spaces at the subject premises in compliance with the ADA and the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). (Second R&R (Dkt. 18) at 6.) Judge Levy recommended that the injunction (1) require Defendant to submit to Plaintiff's counsel an architectural plan that remedies the ADAAG violations identified in the R&R within sixty (60) days of any order adopting the R&R; (2) grant Plaintiff thirty (30) days from receipt of Defendant's plans to consent or to seek further relief from the court; and (3) direct Defendant to make the necessary alterations within sixty (60) days of Plaintiff's consent or any ruling on Plaintiff's request for further relief. (Id. at 7.)

Judge Levy also recommended that Plaintiff be awarded $1,100, representing $1,000 in compensatory damages under the NYSHRL and the NYCHRL and $100 in statutory damages under the NYSCRL. (Id. at 8-10.)

Because Plaintiff's counsel has provided no documentation of his fees or costs, Judge Levy recommended that Plaintiff's request for an award of attorney's fees and costs be denied without prejudice, and that Plaintiff's counsel be permitted to submit an appropriate supplemental sworn statement and billing records within fourteen (14) days of the date of his R&R. (Id. at 10.)

Judge Levy directed Plaintiff to serve a copy of the Second R&R on Defendant, and to file proof of service with the court forthwith. Plaintiff failed to file proof of service or show good cause why service was not timely effected. On March 6, 2014, the court directed the Clerk of the Court to mail a copy of Judge Levy's Second R&R to Defendant's address and directed Defendant to file objections to the R&R with the Clerk of the Court within fourteen days of service. (Order (Dkt. 19).) Neither party has objected to Judge Levy's Second R&R.

## II. DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to an R&R has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).

Here, no party has objected to Judge Levy's Second R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Finding no clear error, the court adopts Judge Levy's recommendations regarding the injunction and the money damages in full and denies Plaintiff's request for an award of attorney's fees and costs without prejudice. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). However, the court permits Plaintiff's counsel to submit a sworn statement and billing records in connection with his request for attorney's fees and costs within fourteen (14) days of the date of this Order, rather than fourteen (14) days of the date of the Second R&R.

3

## III. CONCLUSION

Judge Levy's R&R is ADOPTED IN PART, and MODIFIED IN PART. The court GRANTS Plaintiff's Motion for Default Judgment and ISSUES an injunction ordering defendant to provide accessible parking spaces at the subject premises in compliance with the ADA and the ADAAG. Defendant shall submit to Plaintiff's counsel an architectural plan that remedies the ADAAG violations identified in the Second R&R within sixty (60) days of this Order. Plaintiff has thirty (30) days from receipt of Defendant's plans to consent or to seek further relief from the court. Defendant is directed to make the necessary alterations within sixty (60) days of Plaintiff's consent or any ruling on Plaintiff's request for further relief.

The court AWARDS Plaintiff $1,100, representing $1,000 in compensatory damages and $100 in statutory damages.

Plaintiff's request for an award of attorney's fees and costs are DENIED WITHOUT PREJUDICE, and Plaintiff's counsel is permitted to submit an appropriate supplemental sworn statement and billing records within fourteen (14) days of the date of this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 28, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge